# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHADALE L. WILLIAMS,<br><br>          Plaintiff,<br><br>  v.<br><br>N. GRANNIS, et al.,<br><br>          Defendants.<br>_____/ | CASE NO. 1:07-cv-01008-AWI-DLB PC<br><br>ORDER DIRECTING PLAINTIFF TO SUBMIT USM 285 FORMS<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION AS AGAINST DEFENDANT PFEIFFER<br><br>(Doc. 1) |

I.    Screening Requirement

Plaintiff Shadale Williams ('plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).

"Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

II.     Conclusion

Under Rule 8's liberal pleading standards, the complaint appears to state cognizable claims for relief for violation of the First Amendment as against defendants Lopez, Brubaker, Hill, Tyson, Hedgpeth and Arlitz; violation of the Eighth Amendment as against defendants Lopez, Brubaker and Spaeth; and supervisory liability as against defendants Grannis, Bautista, Tyson and Hedgpeth.

Plaintiff's complaint, however, does not state facts sufficient to state a cognizable claim as against defendant Pfeiffer, who screened out plaintiff's appeal as untimely. To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th

Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action. <u>Buckley</u>, 997 F.2d at 495. Plaintiff's allegations fail to state a claim for relief against defendant Pfeiffer.

Accordingly, the court finds as follows:

1. It is HEREBY RECOMMENDED that this action be dismissed as against defendant Pfeiffer for failure to state a claim.

2. Service is appropriate for defendants Lopez, Brubaker, Hill, Arlitz, Grannis, Bautista, Tyson, Hedgpeth and Spaeth.

3. The Clerk of the Court shall send Plaintiff nine (9) USM-285 forms, nine (9) summons, a Notice of Submission of Documents form, an instruction sheet and a copy of the complaint filed July 16, 2007.

4. Within THIRTY (30) DAYS from the date of this Order, Plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:

   a. Completed summons;

   b. One completed USM-285 form for each defendant listed in paragraph 2 above; and

   c. Ten (10) copies of the endorsed complaint filed July 16, 2007.

5. Plaintiff need not attempt service on Defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named Defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

6. <u>The failure to comply with this Order will result in a Recommendation that this action be dismissed.</u>

IT IS SO ORDERED.

Dated:   **April 14, 2008**              /s/ **Dennis L. Beck**
                                  UNITED STATES MAGISTRATE JUDGE

3