# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHADALE L. WILLIAMS, | CASE NO. 1:07-CV-01008-AWI DLB-P |
| Plaintiff, | ORDER DENYING DEFENDANTS' MOTION FOR AN ORDER REVOKING PLAINTIFF'S IN FORMA PAUPERIS STATUS |
| v. | |
| N. GRANNIS, et al., | (Docs. 25) |
| Defendants. | ORDER GRANTING DEFENDANTS BAUTISTA, LOPEZ, AND HEDGPETH'S REQUESTS TO JOIN MOTION TO REVOKE IFP |
| | (Docs. 32, 33, and 35) |
| | ORDER REQUIRING DEFENDANTS TO FILE RESPONSE TO COMPLAINT WITHIN THIRTY (30) DAYS |

**I.    Background**

Plaintiff Shadale Williams ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. On June 25, 2008, defendants Grannis, Brubaker, Hill, Arlitz, Tyson and Spaeth moved for an order revoking plaintiff's *in forma pauperis* ("IFP") status and requiring plaintiff to pay the filing fee. (Doc. 25). On July 11, 2008, plaintiff filed a document entitled "Plaintiff's Notice of Intent Regarding Defendants' Motion for Order Revoking IFP Statue". (Doc. 30).   In it, plaintiff states that he does not intend to file an opposition.

///

///

1

**II.   Defendants Bautista, Lopez and Hedgpeth's Request to Join Defendants' Motion to Revoke IFP.**

On July 17 and 28, 2008, and August 5, 2008, defendants Bautista, Lopez and Hedgpeth respectively moved to join the motion to revoke plaintiff's *in forma pauperis* status. (Docs. 32, 33, 35). Defendants Bautista, Lopez and Hedgpeth's requests are granted, and accordingly, this motion is brought by defendants Grannis, Brubaker, Hill, Arlitz, Tyson, Spaeth, Bautista, Lopez and Hedgpeth (collectively "defendants").

**III.   28 U.S.C. §1915(g)**

Section 1915(g) of the Prison Litigation Reform Act ("PLRA") provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious injury." 28 U.S.C. § 1915(g).

The Ninth Circuit has advised that when assessing whether a case qualifies as a "strike" pursuant to section 1915(g), the terms "frivolous" and "malicious" must be defined by looking to their "ordinary, contemporary, [and] common meanings". Andrews v. King, 398 F. 3d 1113, 1121 (9th Cir. 2005). A case is frivolous if it is "of little weight or importance: having no basis in law or fact", and a case is malicious if it was filed with the "intention or desire to harm another". Id. (internal citations omitted). With respect to the phrase, "fails to state a claim upon which relief may be granted", the Court noted that the phrase used elsewhere in §1915 parallels the language in Rule 12(b)(6) of the Federal Rules of Civil Procedure, and that the language in §1915 should have the same meaning as in F.R.C.P. 12(b)(6). Id.; ref'g to Barren v. Harrington, 152 F. 3d 1193, 1194 (9th Cir. 1998).

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint," Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), and the Court may not look outside of the pleadings in resolving the motion. In considering a motion to dismiss for failure to state a claim under F.R.C.P 12(b)(6), the Court must accept as true the allegations of the complaint in question,

2

1  Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the
2  light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor.
3  Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). "Rule 8(a)'s
4  simplified pleading standard applies to all civil actions, with limited exceptions," none of which
5  applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R.
6  Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the
7  claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement
8  must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon
9  which it rests." Swierkiewicz, 534 U.S. at 512. A Court may dismiss a complaint only if it is clear
10 that no relief could be granted under any set of facts that could be proved consistent with the
11 allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the
12 claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the
13 pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353
14 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also
15 Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the
16 opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir.
17 2001))).

18      Finally, when a defendant challenges a prisoner's *in forma pauperis* status, the initial burden
19 rests with the defendant to prove each strike. Andrews at 1120; see also O'Neal v. Price, 531 F. 3d.
20 1146, 1151 (9th Cir. 2008). If defendant meets this burden, the prisoner then bears the burden of
21 persuading the court that the three strikes provision does not preclude his in forma pauperis status.
22 Andrews at 1120.

23 **IV.    Defendants' Motion**.

24      Plaintiff filed this civil rights action on July 16, 2007, along with an application to proceed
25 *in forma pauperis*. (Docs. 1, 2). Plaintiff's application was deficient as it did not include the
26 required original signature by an authorized officer of the institution of incarceration, and plaintiff
27 was ordered to file a new application or to pay the filing fee. (Doc. 4). On August 9 and 16, 2007
28 plaintiff resubmitted his application, and plaintiff was granted *in forma pauperis* status on August

3

28, 2007. (Docs. 7, 8, 9).

On June 25, 2008, defendants filed the instant motion to revoke plaintiff's *in forma pauperis* status, asserting that plaintiff had struck out under §1915(g). Defendants have submitted a Public Access to Court Electronic Records ("PACER") printout indicating that plaintiff has filed twenty-three separate actions in the District Courts. Of the twenty-three actions, defendants have submitted court records from the following three cases: *Williams v. Myers, et al.*, N.D. Cal. C-91-20810 JW ("*Myers*"); *Williams v. Marshall*, N.D. Cal. C92-2510-SBA ("*Marshall*"); and *Williams v. Grannis, et al.*, C.D. Cal. 04-02123-DDP ("*Grannis*"), which they contend constitute strikes.

**1.    *Williams v. Myers, et al.*, N.D. Cal. C-91-20810 JW ("*Myers*")**

Defendants contend that plaintiff's complaint in *Myers* was dismissed for failure to state a claim, and thus constitutes plaintiff's first strike under §1915(g). Defendants have submitted the order issued by United States District Court Judge Ware of the United States District Court, Northern District of California on June 9, 1992. (Doc. 25, Exh. B). In *Myers*, Judge Ware reviewed plaintiff's complaint and found that plaintiff's allegations were without merit, and dismissed plaintiff's complaint.

A district court's dismissal of a complaint, on the grounds that it is frivolous, malicious or fails to state a claim upon which relief may be granted, during an initial screening process dismisses an action for the purposes of the Prison Litigation Reform Act and imposes a strike against future in forma pauperis filings. O'Neal v. Price, 531 F. 3d 1146, 1153 (9th Cir. 2008). The court also takes judicial notice that the civil docket for *Myers* reflects that the case was dismissed by the June 9, 1992 order.

Defendants have met their burden in proving this strike. As plaintiff has opted not to file an opposition and therefore does not dispute the defendants' argument, the court finds that *Williams v. Myers, et al., N.D. Cal. C-91-20810 JW* qualifies as a strike pursuant to §1915(g).

**2.    *Williams v. Marshall*, N.D. Cal. C92-2510-SBA ("*Marshall*")**

For *Marshall*, defendants have submitted a copy of the order dismissing plaintiff's claim entered November 30, 1992. In her order, United States District Judge Armstrong found that two of the named defendants were immune from suit, that plaintiff's complaint had no legal merit, and

4

1  also that plaintiff failed to allege facts sufficient to state a claim to support several of his allegations.

2  Defendants have again met their burden in establishing this action as a strike. Plaintiff has
3  not filed an opposition, and the court finds that *Williams v. Marshall*, N.D. Cal. C92-2510-SBA also
4  qualifies as a strike pursuant to §1915(g).

5  **3.     *Williams v. Grannis, et al.*, C.D. Cal. 04-02123-DDP ("*Grannis*").**

6  For *Grannis*, defendants have submitted a copy of the memorandum and order dismissing
7  plaintiff's complaint with leave to amend, issued by the United States District Court, Central District
8  of California on April 21, 2004, and also the order dismissing the action, issued by the Court on June
9  21, 2005.[1]  (Doc. 25, Exh. C).

10  Defendants argue that in *Grannis*, plaintiff's complaint was dismissed, with leave to amend,
11  for failure to state a claim. Defendants note that plaintiff acknowledged that he could not cure the
12  defects and the action was subsequently dismissed on June 21, 2005.

13  Although plaintiff has not filed an opposition *per se*, he argues in his "Notice of Intent
14  Regarding Defendants' Motion for Order Revoking IFP Statue" that the dismissal in *Grannis* should
15  not be counted as a strike. (Doc. 30). Plaintiff asserts that he "appropriately" re-filed the action in
16  June 2008, which is now proceeding as *Williams v. L.A. County Superior Court et al.*, 2:2008-cv-
17  03755.

18  In *Grannis*, plaintiff alleged a violation of his right of access to the courts. After reviewing
19  plaintiff's complaint, the magistrate judge found that plaintiff failed to allege any cognizable claim,
20  and dismissed plaintiff's complaint with leave to amend. Rather than filing an amended complaint,
21  plaintiff subsequently filed a document requesting that his complaint be dismissed with prejudice.
22  Plaintiff stated that he could not cure the defects in his complaint, and intended to file a petition for
23  habeas corpus. The Court construed plaintiff's request as a request for voluntary dismissal pursuant
24  to F.R.C.P. 41(a), and the action was dismissed without prejudice by operation of law.

25  Because §1915(g) does not distinguish between dismissals with or without prejudice, a

---

[1] Defendants have also submitted a "Notice fo Filing of Magistrate Judge's Report and Recommendation and Lodging of Proposed Judgment and/or Order" issued in *Williams v. Yarborough*, Case Number CV 04-2127 DOC (Mc), which appears to be unrelated. (Doc. 25, Exh. D, p.29). It is not clear why defendants have submitted this document, and so it is disregarded.

dismissal without prejudice may count as a strike. O'Neal, at 1154. However, "under Rule 41(a)(1)(I), 'a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment.'" Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc., 193 F.3d 1074, 1077 (9th Cir. 1999) (quoting Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997)). "[A] dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it." Id. at 1078.

The Court in *Grannis* construed plaintiff's request as a request for voluntary dismissal, and a voluntary dismissal does not constitute a dismissal on the grounds that the action is "frivolous, malicious or fails to state a claim upon which relief may be granted". Andrews. Therefore, the court finds that the voluntary dismissal in *Grannis* does not constitute a strike under §1915(g).

**V.     Conclusion and Order**

Because only two of the three cases submitted by defendants qualify as "strikes" pursuant to 28 U.S.C. §1915(g), the court must deny defendants' motion to revoke plaintiff's in forma pauperis status. (Doc. 25). Accordingly, the Court HEREBY ORDERS as follows:

1. Defendants Bautista, Lopez and Hedgpeth's requests to join the instant motion is HEREBY GRANTED;

2. Defendants' motion to revoke plaintiff's IFP status, filed June 25, 2008, is HEREBY DENIED;

3. Denial of Defendants' motion is without prejudice to renewing the motion if additional "strikes" exist; and

3. Defendants are HEREBY ORDERED to serve and file an response to plaintiff's complaint within **thirty (30) days** of service of this order.

IT IS SO ORDERED.

Dated:   **August 28, 2008**                    /s/ **Dennis L. Beck**
                                                UNITED STATES MAGISTRATE JUDGE