1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

## EASTERN DISTRICT OF CALIFORNIA

8

9   SHADALE WILLIAMS,                          CASE NO. 1:07-cv-01008-AWI-DLB PC

10                          Plaintiff,          FINDINGS AND RECOMMENDATIONS
                                                RECOMMENDING THAT PLAINTIFF'S
11          v.                                  MOTION FOR PRELIMINARY INJUNCTIVE
                                                RELIEF BE DENIED
12   N. GRANNIS, et al.,
                                                (Doc. 13)
13                          Defendants.
     _____/          FIFTEEN DAY DEADLINE
14

15          Plaintiff Shadale Williams ("plaintiff") is a state prisoner proceeding pro se and in forma

16   pauperis in this civil rights action pursuant to 42 U.S.C. §1983.  This action is proceeding on

17   plaintiff's complaint filed July 16, 2007 against defendants Grannis, Brubaker, Hill, Arlitz, Bautista,

18   Tyson, Hedgpeth, Spaeth and Lopez ("defendants").  On February 21, 2008, plaintiff filed a motion

19   for a temporary restraining order / injunctive relief. (Doc. 13).  Defendants filed an opposition on

20   August 22, 2008.  (Doc. 39).

21          In his motion, plaintiff states that since the filing of his civil rights action, he has continued

22   to preach to condemned and non-rehabilitated prisoners.  Plaintiff states that on February 13, 2008

23   he preached for ten minutes.  Plaintiff states that he was then taken to the mental health department

24   for evaluation, where he was medically cleared and returned to his housing unit. Plaintiff states that

25   on February 14, 2008 he received a "confinement to quarters" lock up order after being told that all

26   C-pod inmates intended to seriously hurt plaintiff.  Plaintiff suggests that the lock up order was

27   punishment for preaching.  In the instant motion, plaintiff requests that:

28   ///

1)    defendants and their interests <u>DO</u> <u>NOT</u> physically nor verbally threaten plaintiff for exercising the tenets of his faith.

2)    defendant(s) and their interests <u>DO NOT</u> physically remove the plaintiff (, to the including of denying him thereby food/food necessary to sustain and maintain health, program and privileges enjoyed by like inmates, showers, liberty of his cell and recreation, law library usage on "deadlines" and that right to persuade his listeners of his faith.) for "preaching" when and upon inmate activity and movement....

3)    defendant(s) and their interests <u>DO NOT</u> and <u>CEASE TO USE</u> any punitive measure against the use of 'freedom of speech and expression' of one's convictions and persuasions; nor manipulate these practices through influences such as its administrative or departments (CDCR) of mental health." (<u>EMPHASIS</u> in original).

In opposition, defendants argue that plaintiff's motion should be denied since he has been transferred to another prison, rendering his request for injunctive relief moot. Defendants also contend that plaintiff has not shown a likelihood of success on the merits, nor that he will suffer irreparable harm if his motion is not granted. (Doc. 39).

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. <u>University of Texas v. Camenisch</u>, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." <u>Arcamuzi v. Continental Air Lines, Inc.</u>, 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." <u>Id</u>. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." <u>Id</u>. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." <u>Id</u>.

When an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. <u>Nelson v. Heiss</u>, 271 F.3d 891, 897 (9th Cir. 2001); <u>Dilley v. Gunn</u>, 64 F.3d 1365, 1368 (9th Cir. 1995); <u>Johnson v. Moore</u>, 948 F.2d 517, 519 (9th Cir. 1991). In this instance plaintiff's transfer from Kern Valley State Prison rendered any claim for injunctive relief against the defendants

moot.

Accordingly, the court HEREBY RECOMMENDS that plaintiff's motion for preliminary injunctive relief, filed February 21, 2008, be DENIED as moot.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fifteen (15) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:    September 2, 2008           /s/ Dennis L. Beck**
                                      UNITED STATES MAGISTRATE JUDGE