# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SHADALE L. WILLIAMS,

Plaintiff,

v.

N. GRANNIS, et al.,

Defendants.

_____________________________________/

CASE NO. 1:07-cv-01008-AWI-DLB (PC)

FINDINGS AND RECOMMENDATION RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE GRANTED IN PART

(Doc. 59)

OBJECTIONS, IF ANY, DUE WITHIN 30 DAYS

## I. Findings and Recommendation

### A. Procedural History

Plaintiff Shadale L. Williams ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint, filed July 16, 2007, against Defendants Grannis, Brubaker, Hill, Arlitz, Tyson, Spaeth, Bautista, Hedgpeth, and Lopez ("Defendants"). On July 24, 2009, Defendants filed a motion to dismiss pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b) on the ground that Plaintiff failed to exhaust administrative remedies. (Doc. 59.) On November 5, 2009, Plaintiff filed his opposition. (Doc. 63.)[1] The matter is deemed submitted

[1] Plaintiff served his opposition on November 1, 2009. The Court had set a deadline of October 28, 2009 for the filing of the opposition. However, Plaintiff had submitted several prior declarations, explaining his difficulties in obtaining his legal materials and law library access. Having considered Plaintiff's arguments, the Court finds that an extension of time should be granted. The Court deems the opposition timely and will consider it.

pursuant to Local Rule 230(l).

**B. Summary Of Plaintiff's Complaint**

Plaintiff was formerly incarcerated at Kern Valley State Prison, where the events giving rise to this action allegedly occurred. Between the 5th and the 9th of January 2007, Defendant Lopez allegedly by an act incited a threat of force and violence against Plaintiff. On January 18, 2007, Defendant Brubaker allegedly approached Plaintiff to inform him that he would be punished if he did not stop preaching the Bible. Defendant Brubaker also allegedly by an act incited a threat of force and violence against Plaintiff. Defendant Brubaker allegedly assessed Plaintiff with a disciplinary violation. Between February 5 through February 8 of 2007, Defendant Bautista allegedly failed to act to prevent threats and acts of violence against Plaintiff, despite having prior knowledge of the threats against him. Between January 31 and February 8, Defendant Spaeth allegedly refused to treat Plaintiff during his hunger strike while he protested the deprivation of his First Amendment rights. Around January 16, 2007, Defendants Tyson and Hedgpeth allegedly warned Plaintiff to stop preaching while in his cell, but Plaintiff refused to comply. Between February 3 and February 5, Plaintiff allegedly appeared before Defendants Tyson and Hedgpeth for an institutional classification committee hearing regarding his continued preaching and hunger strike. On February 1, 2007, Defendant Hill allegedly recommended punishing Plaintiff for preaching. Between February 20 and March 2, 2007, Defendants Tyson and Arlitz allegedly reviewed the recommendations and punished Plaintiff. Between February 5 through March 2, 2007, Defendant Grannis had personal knowledge of all the preceding allegations, but failed to intervene, instruct, or guide any administrative subordinate regarding the alleged violations.

Plaintiff alleges violations of the First Amendment by Defendants Lopez, Brubaker, Hill, Tyson, Hedgpeth, and Arlitz, and violations of the Eighth Amendment by Defendants Lopez, Brubaker, and Spaeth, and supervisory liability by Defendants Grannis, Bautista, Tyson, and Hedgpeth. Plaintiff seeks as relief compensatory and punitive damages.

//

//

//

**B. Failure to Exhaust Administrative Remedies**

***1. Legal Standard***

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1988) (per curiam)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (Deering 2009). The process is initiated by submitting a CDC Form 602. Id. § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. §§ 3084.5, 3084.6(c). In order to satisfy

section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 86 (2006); McKinney, 311 F.3d at 1199-1201.

Plaintiff does not have to name each defendant in his grievance form. See Jones, 549 U.S. at 218-19 ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion . . . . [E]xhaustion is not per se inadequate simply because an individual later sued was not named in the grievances."). The inmate appeal form CDC-602 does not require identification of specific individuals. See Cal. Code Regs., tit. 15 § 3084.2(a).

**C. Arguments**

Defendants contend that Plaintiff has not properly exhausted his administrative remedies as to all his claims. Defendants contend that the events complained of by Plaintiff occurred between January 18 and February 20, 2007. (Defs.' Mem. Of P. & A. In Support of Mot. To Dismiss 4:16-23.) Defendants thus contend that Plaintiff had fifteen working days to file his grievance, approximately March 7, 2007. (Id.) Defendant contend that Plaintiff did not initiate the administrative process until April 7, 2007, three months after the issuance of the disciplinary violation and two months after the he was found guilty. (Id.) Defendants submit as evidence a declaration from Appeals Coordinator T. Billings at Kern Valley State Prison. (Doc. 59, Exh. A, T. Billings Decl.) T. Billings attests that Plaintiff filed one grievance regarding interference with his First Amendment right to exercise his religious beliefs on April 2, 2007. (T. Billings Decl. ¶ 6.) This appeal was apparently screened out as untimely filed. (T. Billings Decl.

Plaintiff contends that he appealed his grievance to the Director's level. Plaintiff contends that the Director's level response indicated that the second level review was the final decision. (Doc. 63, Pl.'s Opp'n 3.) Plaintiff thus argues that Defendants' contention that his appeal was rejected is false and requests that the Court subject Defendants to sanction. (Pl.'s Opp'n 4.)

The evidence submitted by both parties indicate that Plaintiff's appeal concerned Plaintiff being found guilty of a rule violation on February 1, 2007. (Defs.' Mot. To Dismiss, Exh. A; Pl.'s

Opp'n, Exh. A.) This appeal was screened out on April 13, 2007. Plaintiff subsequently wrote to the Director's level. On June 15, 2007, the Director's level responded by stating that "[t]he Second Level of Review is considered the department's final action in regard to Rules Violation Reports classified as Administrative." (Pl.'s Opp'n, p. 7.) Neither party has submitted any evidence as to what the Second Level Review indicated, or whether it even took place. However, Defendants have sufficiently met their burden to demonstrate that Plaintiff failed to exhaust administrative remedies for the disciplinary action taken against him. The burden thus shifts to Plaintiff to demonstrate exhaustion of available administrative remedies.

Even if a second level review occurred, this does not demonstrate that Plaintiff exhausted administrative remedies for his claim regarding the disciplinary action. Plaintiff's inmate appeal had been screened out as untimely on April 13, 2007. (Pl.'s Opp'n, p. 11.) Some time after, Plaintiff appealed this decision to the Director's level and requested equitable tolling for his late filing. (Pl.'s Opp'n, p. 8.) This indicates that Plaintiff was aware that his inmate appeal had been filed outside of the fifteen days given in section 3084.6(c) of title 15 of the California Code of Regulations. Even though the Director's level considered the second level review the final action, this does not indicate that administrative remedies were exhausted. Pursuant to the Prison Litigation Reform Act, Plaintiff is required to exhaust all available administrative remedies prior to filing suit. 42 U.S.C. § 1997e(a); Jones, 549 U.S. at 211. There are situations in which a prisoner is excused from full exhaustion, such as when the mistake is because of the prison officials as opposed to the plaintiff. See Nunez v. Duncan, No. 04-36146, slip op. at 766-67 (9th Cir. January 11, 2010) (listing several exceptions to exhaustion requirement when prison officials rendered administrative remedy unavailable). Plaintiff gives no such reason in his opposition. Plaintiff apparently filed his inmate appeal late because he was waiting for the issuance of the rules violation report. It does not appear that the report was necessary for Plaintiff to file his inmate appeal. Accordingly, Plaintiff failed to exhaust his administrative remedies as to the disciplinary violation. Accordingly, Defendants Tyson, Hedgpeth, Hill, and Arlitz, who were involved in the disciplinary action taken against Plaintiff, should be dismissed from this action without prejudice. Plaintiff's First Amendment claim against Defendant Brubaker for charging Plaintiff with a

disciplinary violation is dismissed without prejudice from this action.

Plaintiff's claims that did not concern the disciplinary action remain.[2]

**II. Conclusion and Recommendation**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1) Plaintiff's claim for violation of the First Amendment by retaliatory disciplinary action is dismissed without prejudice for failure to exhaust administrative remedies;

2) Defendants Tyson, Hedgpeth, Hill and Arlitz are dismissed from this action without prejudice for failure to exhaust administrative remedies; and

3) This action proceeds on Plaintiff's claims against Defendants Lopez, Brubaker, and Spaeth for violation of the Eighth Amendment and against Defendants Grannis and Bautista for supervisory liability.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated: January 19, 2010**

**/s/ Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE

[2] Defendants categorized Plaintiff's action as a First Amendment claim and a Fourteenth Amendment claim. (Doc. 59, Mem. Of P. & A. In Support of Mot. To Dismiss 1:27-2:2.) However, in screening the complaint, the Court found that Plaintiff had stated cognizable First Amendment and Eighth Amendment claims, as well as supervisory claims. (Doc. 15, Magistrate Judge's Findings and Recommendations; Doc. 26, Order Adopting Findings and Recommendations.) Defendants have demonstrated that Plaintiff's First Amendment claim was not exhausted pursuant to the Prison Litigation Reform Act, but did not do so for the other claims.