# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHADALE L. WILLIAMS,<br><br>      Plaintiff,<br><br>    v.<br><br>N. GRANNIS, et al.,<br><br>      Defendants. | 1: 07-CV-1008 AWI DLB PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS<br><br>(Documents #59 & #66) |

    Shadale L. Williams ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action against a prison official pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On January 20, 2010, the Magistrate Judge entered Findings and Recommendations, recommending that Defendants' motion to dismiss on the ground that Plaintiff failed to exhaust administrative remedies be granted in part. The Findings and Recommendations gave notice that any objections were to be filed within thirty days. On February 25, 2010, Plaintiff filed objections.

    In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 305, this court has conducted a <u>de novo</u> review of this case. Having carefully reviewed the entire file, the

court finds the Findings and Recommendations are supported by the record and proper analysis. As explained by the Magistrate Judge, pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[P]roper exhaustion of administrative remedies is necessary" and the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective . . . appeal." Woodford v. Ngo, 548 U.S. 81, 83-84 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . ." Id. at 90. Here, Plaintiff's appeal was denied as untimely because it was not filed within 15 days of the disciplinary hearing at which Plaintiff was found guilty. Plaintiff contends that he did appeal within 15 days of receiving the relevant written ruling. However, Plaintiff offers no evidence that he was required to wait until he received the written ruling before he could appeal. The California Department of Corrections and Rehabilitation requires an appeal be submitted within 15 working days of the event or decision being appealed. Cal. Code Regs., tit. 15 § 3084.6(c). On their face, the regulations require an appeal be filed within 15 days of the decision being appealed and not 15 days from the date the inmate receives a written copy of a disciplinary decision. Thus, the objections provide no basis to not adopt the Findings and Recommendations.

Accordingly, it is HEREBY ORDERED that:

1. The Findings and Recommendations entered on January 20, 2010 are ADOPTED in full;
2. Defendants' motion to dismiss is GRANTED in part;
3. Plaintiff's claim for a violation of the First Amendment by retaliatory disciplinary action is dismissed without prejudice for failure to exhaust administrative remedies;
4. Defendants Tyson, Hedgpeth, Hill and Arlitz are dismissed from this

action without prejudice for failure to exhaust administrative remedies;

5. This action proceeds on Plaintiff's claims against Defendants Lopez, Brubaker, and Spaeth for a violation of the Eighth Amendment and against Defendants Grannis and Bautista for supervisory liability; and

6. This action is referred to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

**Dated:   March 25, 2010**                         /s/ Anthony W. Ishii
                                                    CHIEF UNITED STATES DISTRICT JUDGE

3